**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BUFORD O'NEAL FURROW JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:09-cv-387-WTL-DML |
| ) | |
| DIRECTOR H. LAPPIN, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

A claim pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), must be based upon "a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987). A *Bivens* action brought by a prisoner, such as plaintiff Buford O'Neal Furrow, Jr., in this case, which fails to allege such a violation must be dismissed pursuant to 28 U.S.C. § 1915A(b). *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."). Having considered Furrow's complaint, that is the disposition required here. This conclusion is based on the following facts and circumstances:

- ! Furrow is an inmate at a federal prison located in this District. The claim in his complaint is that the defendants have thwarted his efforts to utilize the exhaustion of administrative remedies offered by the Federal Bureau of Prisons.

- ! Although this is an important process for inmates and administrators alike, Circuit law "specifically denounc[es] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Insofar as pertinent here, *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005), and the Fifth Amendment supplies the guarantee of due process to a federal inmate.

- ! Because Furrow had no expectation of a particular outcome of his grievances, *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest

protected by the Due Process Clause"), there is no viable claim which can be vindicated through a *Bivens* action based on the alleged mishandling of his administrative grievances.

For the reasons explained above, therefore, even when liberally construed, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable federal claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/28/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana